# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                   15-cr-04076 WJ

RASHAD TRAVON WOODS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

## DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

THIS MATTER comes before the Court upon Defendant's Motion for Release from Custody, filed May 26, 2020 **(Doc. 38)**. Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is not well-taken for the reason that Defendant has not satisfied the statutorily mandated exhaustion of administrative remedies requirement. Therefore, the Court has no jurisdiction to consider Defendant's motion and so it must be denied.

## BACKGROUND

In late October, federal agents with the Drug Enforcement Administration discovered Defendant on an Amtrak train transporting over five pounds of methamphetamine mixture from California to the Midwest. Defendant entered into a binding plea agreement under Fed.R.Crim.P. 11(c)(1)(C) that set his sentence at 132 months' imprisonment, which Defendant is currently serving at the Federal Correctional Institution, Elkton ("FCI Elkton" or "Elkton"), a low-security prison in Lisbon, Ohio

In this motion, Defendant seeks compassionate release from incarceration pursuant to 18 U.S.C. §3582(c), claiming that he is vulnerable to contracting the COVID-19 virus because of obesity. He states that his BMI ("body-mass index") is over 40% and he is 5'11" tall, weighing 288 pounds. The Government opposes the request on several grounds, including failure to exhaust as well as failure to meet the substantive requirements in order to obtain a sentence modification under §3582(c).

## DISCUSSION

"Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To justify the type of compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*. Before the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) was enacted, only the Bureau of Prisons ("BOP") could seek compassionate release. As amended, § 3582(c)(1)(A)(i), now permits a court to consider a compassionate release motion filed by a defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Nowhere in his 38-page densely handwritten motion does Defendant suggest that he has petitioned any BOP or FCI Elkton official to advocate for compassionate release on his behalf. The Government states that it currently has no information that would lead it to believe that Defendant has done so.

This Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement. *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (*quoting Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)); *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *4 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement) (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)).[1] Until Defendant has shown that he has exhausted his administrative remedies, this Court lacks jurisdiction to consider his motion under §3582(c)(1)(A). *See Saldana*, 2020 WL 1486892, at *3 (observing that § 3582 is "a jurisdictional statute").

In conclusion, Defendant's Motion for Release from Custody **(Doc. 38)** is hereby DENIED for lack of jurisdiction because Defendant failed to comply with the statutorily mandated requirement to exhaust administrative remedies.

---

[1] Courts are split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such.

On March 26, 2020, in *United States v. Saldana*, an unpublished case, the Tenth Circuit acknowledged §3582(c) as "a jurisdictional statute" although it was undisputed in that case that defendant had exhausted administrative remedies. 807 F. App'x 816, 820 (10th Cir. 2020). In that case, defendant sought a reduction in sentence (rather than compassionate release) based on his rehabilitation efforts, but the court held that those efforts did not entitle him to a sentence reduction in light of the severity of the offenses and criminal history.

In *United States v. Zamarripa*, the District of New Mexico noted that the Tenth Circuit "has held that exhaustion is a jurisdictional requirement for motions brought pursuant to §§ 3582(c)(1)(B) and (c)(2)," although it has not addressed whether the administrative exhaustion requirement under §3582(c)(1)(A) is jurisdictional. No. CR 18-2757 RB, 2020 WL 3035226, at *1–2 (D.N.M. June 5, 2020) (citing *United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015) (noting that district court's authority to modify a sentence "only in specific instances" is jurisdictional). Many other courts in this Circuit have concluded that the requirement is jurisdictional. *See, e.g., United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020). However, even assuming the requirement is a claims-processing rule, here the Government has raised the exhaustion issue, which obligates the Court to enforce the exhaustion rule. *Read-Forbes*, 2020 WL 188856, at *4 (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)).

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE